UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dezeray M. Roblero-Barrios,                   Civil No. 11-2281 (MJD/FLN)

        Plaintiff,

       v.                                          **ORDER AND REPORT &**
                                                **RECOMMENDATION**

Dan Krippner

        Defendant.

---

Dezeray M. Roblero-Barrios, pro se.
Gina D. Jensen for Defendant.

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on Defendant's Motion for Extension of Time to File Answer (Doc. No. 15), Plaintiff's Motion In Opposition to Defendant's Motion for Extension to File Answer (Doc. No. 22), and Plaintiff's Motion for Default Judgment (Doc. No. 9).

## I. BACKGROUND

On September 27, 2011, the Court recommended, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that all the claims presented in Plaintiff's complaint be dismissed except for the Eighth Amendment claim against Defendant Dan Krippner. (Doc. No. 5.) On October 28, 2011, the District Judge adopted this Court's recommendation. (Doc. No. 6.) On November 6, 2011, the United States Marshals Service served Defendant with a copy of the summons and complaint. (Doc. No. 14 at 3.) Defendant's answer was due on November 28, 2011. *See* Fed. R. Civ. P. 12(a)(1)(A)(I); Fed. R. Civ. P. 3(a)(1). On November 22, 2011, Plaintiff filed a motion for default judgment. (Doc. No. 9.)

The summons and complaint were never forwarded to the DOC's in-house counsel or the

Attorney General's Office.  (Kemp. Aff., Doc. No. 17, at ¶¶ 2-4.)  Both offices learned of this litigation on November 23, 2011 (the day before the Thanksgiving) after Court staff sent an e-mail to the Attorney General's office inquiring as to whether Defendant would be filing a response to Plaintiff's motion for default judgment.  (Id.)  That same day, Defendant filed a motion seeking to extend his deadline for filing an answer to December 8, 2011.  (Doc. No. 15.)  The Court ordered Plaintiff to respond to Defendant's motion by December 15, 2011. (Doc. No. 19.)   Meanwhile, Defendant filed his answer on December 8, 2011.  (Doc. No. 20.)  And, on December 19, 2011, Plaintiff filed a motion for an order denying Defendant's motion for an extension of time to file his answer.  (Doc. No. 22.)

## II.  ANALYSIS

Fed. R. Civ. P. 6(b)(1)(A) provides that the Court may extend a deadline, for good cause, "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  The Court may, for good cause, extend a deadline on a motion made after the deadline has passed if "the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Defendant's failure to comply with the initial deadline is, at worst, excusable neglect.  Counsel for Defendant sought an extension as soon as she learned of the litigation, which was before the deadline for responding to the complaint had passed.  Defendant ultimately filed his answer on December 8, 2011–only eleven days after the twenty-one-day deadline set out in Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff will not suffer any prejudice from this short delay.  The Court finds that good cause exists to grant Defendant's request.

The Court notes that Plaintiff's motion for default judgment was filed prematurely, five days before Defendant's deadline to file his answer.  In any event, the Court has granted Defendant's request for an extension of time, and Defendant only marginally failed to comply with the deadline

set forth in Fed. R. Civ. P. 12(a)(1)(A)(i). A default judgment is not appropriate under these circumstances. *See Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) ("[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements.")

### III.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY ORDERED** that Defendant's Motion for Extension of Time to File Answer (Doc. No. 15) is **GRANTED** and Plaintiff's Motion In Opposition to Defendant's Motion for Extension to File Answer (Doc. No. 22) is **DENIED**.[1]

### IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. No. 9) be **DENIED**.

DATED: January 24, 2012                               *s/ Franklin L. Noel*

                                                                     FRANKLIN L. NOEL
                                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 7, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[1] Docket Entry No. 25 is a letter from the Plaintiff to defense counsel asking that she consent to adding five named Defendants to the case. As Plaintiff's letter does not seek any decision from the Court. the letter docketed as Entry No. 25 does not require any ruling from the Court, and the Court makes none.